Case number 22-5321, Jennifer Seed appellant versus Environmental Protection Agency and United States of America. Mr. Heilbrunn for the appellants, Mr. Cufford for the appellates. Judge Rowe, Judge Childs, Judge Rogers, good morning. Mark Heilbrunn for appellant Jennifer Seed. This is a longstanding case, but I'm sorry, may it please the court. It is a case decided on summary judgment on what appellant believes were a number of inappropriate grounds by the district court. Which brings us not only to the standards for the new standards under BAB, but how those standards would impact Rule 56 and its evolution since 1937. There remain, I would say, after Jennifer Seed's reassignment from a position she was in, bringing a lesser qualified younger man into the position. And thus making room for younger employees from an inter-EPA program at American University. What is your evidence of either direct or indirect evidence of that discrimination? So under BAB, it is Dr. Seed's contention that the direct evidence standard was bolstered. However, the direct evidence is a conversation with Dr. Seed and several other of those within the risk assessment division. Dr. Seed being the expert within the risk assessment division on the effects, among other things, of chemicals on embryos. Are you referring to the single statement about whether or not he intended to allow younger people who had done the leadership program to come into that particular branch position? Correct. Correct. Dr. Henry has made that statement to several individuals, and in fact... But then wasn't your client offered the branch position and then turned it down? The client was offered to volunteer, and the actual paperwork did not go through. My client, Dr. Seed, being world class, did have a number of disagreements with the U.S. Justice Department during the deposition. But there is a question of fact as to whether she's actually offered the position that the person to whom she was displaced for... ...in order to make headroom for younger inter-EPA employees was. So, yes. In another discord, it has been found to be, under analogous circumstances, to be direct evidence. It is our contention that it is direct evidence under D.C. Circuit precedent and, in fact, exceeds that. So, if you could just switch to talking about compensatory damages in terms of redressability. I'm not sure... So, the ADA does not specifically provide for compensatory damages. And so, where is the waiver of sovereign immunity for those types of damages? So, the ADEA, 633A in particular, does not. But Chief Justice Roberts has, going back to 2008 in Gomez-Perez and forward, joining the majority, did not disagree that compensatory damages. And, in fact, those two individual justices in concurrence strongly agreed with the Justice majority that compensatory damages were generally available. In the ADEA? Correct. Imputed in the ADEA. And this question was specifically asked prior to... There was a hitch, Judge Rao. Prior to when Forgis dropped away and Babb was decided, there was a short-term briefing period. This court knows what that's all about. And Justice Roberts, prior to changing sides, decided that the remedial scheme was appropriate for purposes of... That is not the problem of getting us to pass summary judgment and to trial. But once at trial, compensatory damages under at least eight justices of the Supreme Courts are available. Okay, so Babb doesn't discuss sovereign immunity. However, in terms of kind of getting to this issue about the compensatory damages, Babb does discuss compensatory damages as part of relief. Then it looks like we would go to 29 U.S.C. Section 633A. That is where it allows a federal sector plaintiff to recover compensatory damages. So are you saying kind of putting the two together gets you there? Right. And in addition to that, the evolution of Justice Roberts from 2008 in Gomez-Perez, there was a three-justice dissent, Scalia being one, Justice Thomas, who's an expert. Justice Roberts, without doubt, being second in Gomez-Perez, Chief Justice Roberts being the third, Justice Scalia having passed away, that would leave Justice Thomas as the only one. Now, Justice Thomas didn't seem to care a whit about sovereign immunity and also did not know, other than the previous default rule, in some cases, the availability. General availability of compensatory damages. Okay. Taking back on Judge Brown's question about compensatory damages and rejectability, is that your only available remedy? Because back pay, her salary didn't change, correct? Back pay, there is an ability to, according to OPM, there is an ability to give her creditable service until age 70, which she turns this year. And then she actually retired, so would you be still seeking injunctive relief? The retirement clearly was involuntary, in our view. You say involuntary or voluntary? Involuntary. But you're not appealing constructive discharge claim. We are. That was the initial provision under Klockner and Greeson's cases here. Do you reserve that issue on appeal? It is, after standing came up, it is on the first page of the reply brief. So you can't maintain an issue on appeal, the reply brief, right? It has to be in the initial brief. Something comes up in the response, which was out of the ordinary. You're asking about compensatory damages. No, that is not the only hook. Compensatory damages are the hook only if the lesser or less lenient standard in BAB is applied. There is here a clear attachment of liability on the stronger, which is the strongest among the civil rights laws. But it has been on the books for 50 years under not only basic canons, but beyond the canons, just the plain meaning. Are there any further questions? Judge Rogers, any questions? No, thank you. Thank you. Give you a few minutes on rebuttal. Morning, Your Honors. May it please the court. I'm Josh Koppel for the United States. I would like to begin by saying that this is not a case where the plaintiff can seek back pay because she earned the same in the senior science advisor position as she would have as deputy director. She can't seek reinstatement because she voluntarily retired from EPA. And that retirement is the independent cause, separate from any alleged discrimination of her separation. And while plaintiff has previously asserted constructive discharge claim, the district court dismissed that claim for failure to timely exhaust administrative remedies and did not pursue that claim on appeal. Plaintiff also can't seek injunctive or declaratory relief now that she's left the agency. And as every court of appeals that has addressed the issue has held, the United States has not waived its sovereign immunity from compensatory damages or punitive damages under the ADA. The reference in BAB to compensatory damages. Is it your view that that's dicta? That is certainly dicta. And it wasn't even considered dicta. The issue wasn't briefed. It wasn't an issue in the case. The court was explaining that an ADA plaintiff suing the federal government has to show that age discrimination was a but-for cause of differential treatment in the process, but not necessarily a but-for cause of the personnel action itself. But the court said that the remedy or if the plaintiff was seeking a remedy tied to the end result of the personnel action, then they would need to show but-for causation. So if they were seeking reinstatement or back pay, they would need to show but-for causation. And the court threw into that list compensatory damages. But, again, the question whether compensatory damages are available under the ADA was not before the court. That issue has been decided by numerous other courts of appeals. And the Supreme Court seems to assume that compensatory damages are available by twice listing it in available remedies. I think that the court was listing damages that are generally that might possibly be available if a plaintiff is suing any employer can prove but-for causation. I don't think the court was thinking about the sovereign immunity question specifically. Certainly, the court had held that Title VII prior to the 1991 Civil Rights Act did not allow compensatory damages. And it's held that the ADA was modeled on Title VII. And when Congress amended Title VII in 1991 to allow compensatory damages, Congress specifically did not include, did not amend the ADA. So just as Title VII prior to 1991 did not allow compensatory damages, the ADA continues not to allow compensatory damages against the United States. Let me ask you another question. So the statute 633AE says includes appropriate remedies including reinstatement or back pay. So why couldn't compensatory damages be an appropriate remedy like reinstatement? There is sort of an umbrella term here in the statute. Because when Congress waives the sovereign immunity, it has to do so clearly. And if Congress has listed reinstatement and back pay, there's certainly no clear statement that Congress has waived the sovereign immunity of the United States from compensatory damages. So does appropriate remedies then only mean reinstatement or back pay? Because it says including reinstatement or back pay, suggesting there could be other types of remedies. Injunctive or declaratory relief could be available if Dr. Seed were still at EPA, so there was still a chance that she might be discriminated against in the future, for example. That's another example. There might be others that courts have awarded, but no court has awarded compensatory damage, as far as I'm aware, against the United States. So is it your view that compensatory damages are not enough, like reinstatement or back pay, to be included in the appropriate remedy? Well, reinstatement and back pay are equitable. Compensatory damages are money damages, and so they are of a different type. So under this court's decision in Taylor v. DIC, we think the court does need to dismiss or remand with instructions for the court to dismiss the reassignment claim for lack of jurisdiction. If the court finds that plaintiff has standing, however, it should affirm the grant of summary judgment below. Plaintiff argues that the district court erred by not citing and applying the standard that the Supreme Court articulated in BAP, but she fails to explain how that standard would have changed the outcome. And it wouldn't have because the district court here applied a standard that was at least as favorable to plaintiff as the one articulated in BAP. The question the district court posed was whether there was sufficient evidence for a reasonable fact finder to conclude that age was a factor in the decision to assign C to the senior science advisor position rather than deputy director. That's at 8395 to 396. And, again, that standard is at least as favorable to the plaintiff as the one set out in BAP. Further, under any conceivable standard, no reasonable fact finder could conclude that discrimination played any role in the decision to assign Dr. C to the senior science advisor position. It's helpful to recognize the context. EPA was conducting a major reorganization of Dr. C's office, affecting seven divisions and at least 91 positions. And after restructuring the office chart, EPA had to figure out how to match its existing workforce with a new structure and a new set of positions. And Dr. Henry explained to Dr. C that the deputy division director position would be mostly contracting, budgeting, personnel, and other administrative functions. And Dr. C said that she disagreed with how EPA was formulating the position that would lead to stagnation. She said she did not want to do budget as a full-time job. That's at A320. She said that such a position would, quote, waste a lot of my talent in science policy. That's at A319. And then she wrote in an email to Dr. Henry that she did not want any of the positions as they had been formulated by EPA. That's at A313. So EPA assigned Dr. C to the senior science advisor role, which Dr. Henry explained was more suited to her scientific talents and interests. And it shows someone else who had expressed a desire to perform all the duties of the deputy division director for that position. And not only was that nondiscriminatory reason plain on the face of the evidence and unrebutted, but we know that EPA was not trying to put a younger person fresh out of leadership training in the deputy division director position because the person ultimately selected for that job, Dr. Barone, was slightly younger than a plaintiff, only about five years younger, and he was previously a branch chief. He was not recently out of leadership training. So the only evidence the plaintiff cites is this lone comment about the branch chief position. As Judge Childs pointed out, though, Dr. Seed, when she later requested the branch chief position, she was offered it. Plaintiff's counsel suggested there's some ambiguity on that. You can look at the record at A152 in Seed's deposition. She says, I got the job, that is the branch chief job, when she inquired about it. So there wasn't really, you know, so although she alleged there was some discrimination with regard to the branch chief position, she was actually offered it. And second, she has demonstrated no nexus between this comment that was directed specifically at the branch chief position and the decision that she actually complains about, which is the decision regarding the deputy division director. And again, we know that, in fact, the person ultimately hired for the deputy director position was not a younger employee fresh out of leadership training. So on these facts, no reasonable fact finder could conclude that age played any role in the decision that Dr. Seed complains about. If there are no further questions, we ask that the court remand with instructions to dismiss for lack of jurisdiction or affirm the granted summary judgment. Thank you very much. Thank you, Your Honor. Quickly, what we are focusing on here are whether there are genuine disputes or any genuine dispute for trial. And as I mentioned before, which was not argued by the government, personnel actions, which is in Title VII, since 2008, was applied to 633AA, not 633AC, which is the provision which focuses on sovereign immunity. That issue left the station long ago. The government cannot cherry pick once sovereign immunity has been waived 50 years and the Fourth Circuit, some very smart judges out of South Carolina, have made this point very, very recently. They can't cherry pick. 633AC is very, very clear. And it notes that any person aggrieved may bring a civil action. And that 633AC is the waiver of sovereign immunity. The government can't then cherry pick in jurisdictions as to, well, we're going to make that apply to compensatory damages, despite the fact that a plain statute and an 8-1 mandate. There is a mandate. Courts are generally expected to follow it. It was not focused on in this argument. But under that mandate and the 8-1 decision, compensatory damages, it was made clear, notwithstanding sovereign immunity. There are, as I have noted, and I could go through them, several issues and disputes. Questions. Thank you.
judges: Rao, Childs, Rogers